IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-00653-BO-RN

ANNA RUDOLPH,
    Plaintiff,

v.

TONGUE & GROOVE, LLC,
TONGUE & GROOVE REALTY, LLC,
*and* MARK BATSON,
    Defendants.

O R D E R

This matter is before the Court on Defendants' motion for judgment on the pleadings [DE 11] and Plaintiff's motion for leave to file an amended complaint [DE 14]. For the following reasons, the motion to file an amended complaint will be granted, and the motion for judgment on the pleadings will be denied as moot.

BACKGROUND

On July 22, 2024, Plaintiff Anna Rudolph filed suit against her former employers, Tongue & Groove, LLC, Tongue & Groove Realty, LLC, and Mark Batson. [DE 1]. The Defendants, generally, are in the business of luxury home design and construction. Plaintiff Rudolph served as the Marketing Director for Tongue & Groove, and did contract work for Tongue & Groove Realty. [DE 1 at 4].

In her initial complaint, Plaintiff Rudolph alleges that she was incorrectly paid for her contract work, and that her attempts to initiate a company conversation about maternity leave were met with hostility. Plaintiff alleges that her employment was then terminated for her "perceived ingratitude." [DE 1 at 10]. Plaintiff charges that this termination constituted pregnancy and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, a violation of the Pregnant

Workers Fairness Act, a violation of the Americans with Disabilities Act, a violation of the Fair Labor Standards Act, and wrongful discharge in violation of N.C. Gen. Stat. § 143 – 422.1. [DE 1 at 10–17].

On November 27, 2024, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). [DE 11]. Plaintiff filed a motion for leave to file an amended complaint on January 13, 2025. [DE 14]. Both motions were opposed, and are now ripe for ruling.

ANALYSIS

### I. Motion for Leave to File an Amended Complaint

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

The Defendants have opposed the motion for leave to file an amended complaint, arguing that amendment is futile because the Amended Complaint offers "no new substantive factual allegations correlating to her claims for sex based discrimination." [DE 20 at 3]. They also contend that they will be prejudiced by allowing the plaintiff to "revive claims she has already conceded [and] proceed under claims that have no legal or factual merit." [DE 20 at 11].

These arguments are not compelling. Motions for leave to file an amended complaint are governed by a liberal standard, reflecting the policy preference of "resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Here, it is not apparent that amending the complaint would be futile—in her amended complaint, Plaintiff has added further factual allegations and attempted to cure defects in the initial complaint. Having reviewed the proposed amended pleadings, the Court cannot say that these amendments are meritless or futile. Next, the Defendants will not be prejudiced by permitting Plaintiff to amend her complaint, as no scheduling order has yet been entered in this case and the Defendants will have adequate time in which to file another, modified, motion for judgment on the pleadings if they so choose. Finally, there is no suggestion that Plaintiff's filing of this motion to amend has been made in bad faith.

For these reasons, under the liberal standard governing motions for leave to amend, Plaintiff's motion [DE 14] is granted.

## II. Motion for Judgment on the Pleadings

An amended pleading replaces and supersedes the original pleading to which the motion was directed. *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Typically, the filing of an amended complaint moots a previously filed motion to dismiss. *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. 2011). However, the Fourth Circuit has noted that courts have discretion to consider a pending motion "as being addressed to the… Amended Complaint if that complaint contain[s] the same defect raised in the" pending motion. *Ohio River Valley Environ. Coalition, Inc. v. Timmermeyer*, 66 Fed. App'x 468, 472 n.4 (4th Cir. 2003).

3

Case 7:24-cv-00653-BO-RN    Document 22    Filed 04/25/25    Page 3 of 4

In its discretion, the Court determines that it is inappropriate to consider Defendants' pending motion to for judgment on the pleadings [DE 11] as being directed towards Plaintiff's amended complaint. The pending motion for judgment was targeted at supposed factual and legal deficiencies located in the original complaint—deficiencies that have been at least partially addressed or remedied by the filing of the amended complaint. The amended complaint removes some causes of action, and adds others—it would be improper to rule on a pending motion for judgment on the pleadings, cast against a complaint that it was never intended to address. *Sennott v. Adams*, 2014 WL 2434745, at *3 (D. S.C. 2014).

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings [DE 11] is DENIED AS MOOT. Plaintiff's motion to file an amended complaint [DE 14] is GRANTED. The Plaintiff's amended complaint [DE 14–2] is deemed timely FILED as of the date of entry of this order. The Defendants may file an answer or refile a revised motion for judgment on the pleadings within the time frame allotted by the Federal Rules of Civil Procedure.

SO ORDERED, this 24 day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE