IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-00653-BO

**Anna Rudolph,**

    Plaintiff,

v.

**Tongue & Groove, LLC,** et al.,

    Defendants.

**Order**

  This matter comes before the court upon the Defendants' motion to stay. D.E. 28. It requests a stay the parties' Rule 26(f) report until the court resolves the pending motion for judgment on the pleadings. D.E. 26. The motion to stay contends that the pending motion may resolve the case in whole or in part, thus obviating the need for discovery or reducing its scope. So the time and expense attendant to discovery may be unnecessary. Plaintiff opposes the motion to stay. D.E. 32. She argues that the pending motion for judgment on the pleadings will not dispose of the case in whole or in part.

  "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motion, it is uncertain what discovery may be required. The resolution of the motion for judgment on the pleadings may narrow discovery or eliminate its need entirely. And the motion requires no discovery for the court to decide them.

The Defendants offer reasonable arguments in support of their motion for judgment on the pleadings. Among other things, they contend that Plaintiff has not exhausted her administrative remedies, brings no viable claim against the individual Defendant, fails to sufficiently plead claims for retaliation and discrimination under Title VII, and has failed to state claims under North Carolina Wage and Hour Act or North Carolina Equal Employment Practices Act. Plaintiff offers plausible arguments in opposition to the motion for judgment on the pleading arguing the Amended Complain pleads sufficient facts to state the claims it brings. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the pending motion. If the motion is granted, the time and resources devoted to discovery may be for naught. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will

not prejudice either side's ability to pursue its claims or defenses should the court deny the pending motions.

After balancing the relevant factors, the court finds that there is good cause to stay discovery. So the court grants the motion to stay (D.E. 28) and orders that, unless they agree otherwise, the parties' Rule 26(f) meeting and report are postponed until the court resolves the pending motion for judgment on the pleadings. If court the denies the motion, in whole or in part, the parties must confer and submit an amended Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: June 23, 2025.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE