IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-00653-BO-RN

ANNA RUDOLPH,
    Plaintiff,

v.

TONGUE & GROOVE, LLC,
TONGUE & GROOVE REALTY, LLC,
and MARK BATSON,
    Defendants.

ORDER

This matter is before the Court on defendants' motion for judgment on the pleadings [DE 26]. Plaintiff has responded, defendants have replied, and the motion is ripe for disposition. For the reasons that follow, defendants' motion is granted in part and denied in part.

## BACKGROUND

On July 22, 2024, plaintiff Anna Rudolph filed suit against her former employers, Tongue & Groove, LLC, Tongue & Groove Realty, LLC, and Mark Batson. [DE 1]. The defendants, generally, are in the business of luxury home design and construction. Rudolph served as the Marketing Director for Tongue & Groove, and did contract work for Tongue & Groove Realty. [DE 23 at 5].

Plaintiff Rudolph alleges that she was incorrectly paid for her contract work and that her attempts to initiate a company conversation about paid maternity leave were met with hostility. Plaintiff alleges that her employment was terminated for her "perceived ingratitude." [DE 23 at 12]. Plaintiff bring claims for sex and pregnancy discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), violation of the North Carolina Wage & Hour Act (NCWHA),

N.C. Gen. Stat. § 95-25.8, and wrongful discharge in violation of N.C. Gen. Stat. § 143-422.1, the North Carolina Equal Employment Practices Act (NCEEPA).

Defendants have answered the amended complaint and filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.[1]

## ANALYSIS

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

---

[1] Defendants previously filed a motion for judgment on the pleadings, which was denied as moot after plaintiff was permitted to amend her complaint.

Defendants seek judgment on the pleadings in their favor on the following grounds: plaintiff's Title VII claims against Tongue & Groove Realty fail because plaintiff did not exhaust her administrative remedy, plaintiff's claims against Batson fail as he was not her employer, plaintiff has failed to plausibly allege a claim for retaliation and was not otherwise discriminated against in violation of Title VII, plaintiff has failed to plausibly allege her NCWHA claim, and plaintiff's NCEEPA claim fails to state a claim.

Regarding defendants' arguments related to exhaustion, Tongue & Groove Realty's inclusion in plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission was sufficient to put Tongue & Groove Realty on notice of plaintiff's claims, and dismissal for failure to exhaust is not warranted. "The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). Here, Tongue & Groove Realty was included in plaintiff's narrative description of the events giving rise to her discrimination claims. Moreover, plaintiff alleges that Tongue & Groove Realty and Tongue & Groove are closely related entities, sharing the same physical address and the same owner and operator. Under these circumstances, the Court finds that plaintiff has exhausted her administrative remedy as to Tongue & Groove Realty. *See Cortes v. McDonald's Corp.*, 955 F. Supp. 531, 534 (E.D.N.C. 1996).

Defendants correctly argue, however, that an individual defendant is not liable under Title VII. The Fourth Circuit has long recognized that Title VII only creates liability for employers, not individuals. *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998)). Interpreting Title VII to encompass individual liability would "improperly expand the remedial scheme crafted by Congress." *Lissau*, 159 F.3d at 181. Although plaintiff argues that individual liability may exist under an alter ego or

3

piercing the corporate veil theory, "[c]ourts have also found that there is nothing in Title VII that supports an imposition of supervisory liability based on the "alter ego" doctrine." *Rue v. GMAC Fin. Servs.*, No. 3:10-CV-62, 2011 WL 812062, at *2 (W.D.N.C. Mar. 2, 2011). Nor is there any allegation which would support that Batson has fraudulently or unfairly used the corporate form. *See Mayes v. Moore*, 419 F. Supp. 2d 775, 780 (M.D.N.C. 2006). Accordingly, Batson is not a proper defendant for plaintiff's Title VII claim. The same is true for plaintiff's wrongful discharge claim under state law. "Under North Carolina law a wrongful discharge claim cannot be brought against an individual." *West v. J.O. Stevenson, Inc.*, 164 F. Supp. 3d 751, 776–77 (E.D.N.C. 2016). Plaintiff's Title VII and wrongful discharge claims against Batson are therefore dismissed.

Finally, as plaintiff concedes, her wrongful discharge claim based on the NCEEPA cannot be based on retaliation. "North Carolina courts and federal courts applying North Carolina law have [found] repeatedly that no private cause of action exists for retaliation, hostile work environment, disparate treatment, or constructive discharge in violation of public policy." *Jones v. Duke Energy Corp.*, 43 F. App'x 599, 600 (4th Cir. 2002). Thus, this claim may only be based, as plaintiff appears to concede in her opposition, on sex discrimination based on plaintiff's pregnancy. *See* [DE 32 at 9].

The Court has otherwise considered plaintiff's claims in light of the applicable standards and determines that she has stated plausible claims for relief.

## CONCLUSION

Accordingly, defendants' motion for judgment on the pleadings [DE 26] is GRANTED IN PART and DENIED IN PART.

Plaintiff's Title VII and wrongful discharge claims against Batson are DISMISSED.

4

SO ORDERED, this __7__ day of November 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE